UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———————————————

SAMUEL COURTLAND,

        Petitioner,

v.                                  Case No. 2:12-CV-465

JEFFREY WOODS,               HON. GORDON J. QUIST

        Respondent.
_____/

# ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, Samuel Courtland, has filed Objections to Magistrate Judge Timothy P. Greeley's September 3, 2015 Report and Recommendation (R & R) recommending that the Court deny Petitioner's habeas petition. Petitioner raised the following claims in his petition:

    I.      There was insufficient evidence to convict Petitioner of felony murder.

    II.     Petitioner was denied due process by the delay in charging him with the crimes.

    III.    Petitioner was denied the right to present a defense because of the unconstitutional restriction on the presentation of evidence.

    IV.    Petitioner was denied a fair trial due to ineffective assistance of counsel.

    V.     Ineffective assistance of appellate counsel.

(R & R at 1–2.)

The magistrate judge concluded that claims I, II, III, and V are without merit, and that claim IV is procedurally defaulted. With regard to claim II, the magistrate judge also concluded that a portion of the claim is procedurally defaulted.

Petitioner contends that the magistrate judge erred as to all of the claims, and he urges the Court to reject the R & R. Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R, Petitioner's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and the petition denied.

### *Sufficiency of the Evidence*

Petitioner contends that the magistrate judge erred in concluding that the Michigan Court of Appeals' determination that sufficient evidence supported Petitioner's conviction for felony murder was not contrary to, and did not involve an unreasonable application of, Supreme Court precedent. *See* 28 U.S.C. § 2254((d). The Court disagrees. The state court reasonably determined that under *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781 (1979), there was sufficient evidence to convict. Contrary to Petitioner's suggestion, the evidence was not limited to two arguably accidental incidents in which Jalyn's hand was crushed and his feet were burned. Instead, the record is replete with evidence that Petitioner repeatedly inflicted blunt force on Jalyn and burned him with an iron, resulting in abrasions, bruising, and third degree burns—all of which created the medical conditions leading to Jalyn's death. This same evidence would have allowed a reasonable jury to conclude that Petitioner intended to inflict serious harm on Jalyn. Moreover, there was evidence that Petitioner dissuaded Jalyn's mother from seeking medical treatment for Jalyn on several occasions. Thus, the magistrate judge did not err in concluding that Petitioner is not entitled to relief on this claim.

*Pre-Arrest Delay*

Citing cases pertaining to the right to a speedy trial under the Sixth Amendment, Petitioner argues that the magistrate judge erred in concluding that the pre-arrest delay was not long enough to be prejudicial. The cases Petitioner cites are inapposite because Petitioner did not raise a Sixth Amendment speedy trial claim in state court, and any such claim is therefore procedurally barred. *See Lott v. Coyle*, 261 F.3d 594, 608–09 (6th Cir. 2001) ("Lott never presented the state courts with an opportunity to review his ineffective-assistance-of-appellate-counsel claim as cause for the default of his jurisdiction claim, and thus, is procedurally barred from making such an argument now."). Petitioner's due process pre-arrest delay claim required Petitioner to demonstrate (1) substantial prejudice to his right to a fair trial; and (2) that the government delayed the arrest in order to gain a tactical advantage over Petitioner. *United States v. Brown*, 959 F.2d 63, 66 (6th Cir. 1992). As the magistrate judge correctly observed, Petitioner failed to show that the delay, if any, occurred for any reason other than investigative purposes. Moreover, Petitioner failed to show that delay resulted in substantial prejudice to his right to a fair trial.

Petitioner also argues that the magistrate judge erred in concluding that Petitioner's argument that the prosecution waited until Cynthia Daniel changed her mind and sought to testify against Petitioner is procedurally defaulted because Petitioner failed to raise such argument before the Michigan Court of Appeals. Even if such argument is not procedurally defaulted, it does not aid Petitioner in establishing his claim. Petitioner still cannot show that the prosecution gained an unfair advantage or that his right to a fair trial was prejudiced. Moreover, as the Michigan Court of Appeals noted, the differences in Daniel's versions of events was addressed at trial. (R & R at 8.) Thus, the Michigan Court of Appeals' decision was not contrary to, and did not involve an

unreasonable application of, Supreme Court precedent or result in an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254((d).

### *Right to Present a Defense*

Petitioner next takes issue with the magistrate judge's conclusion that the trial court's exclusion of testimony from a witness to rebut Cynthia Daniel's testimony that she had no contact with her son, Sidney, after her children were taken away did not violate Petitioner's constitutional right to present a defense. Petitioner argues that the state court's determination was objectively unreasonable because Michigan case law permits a party to introduce rebuttal evidence if such evidence contradicts a specific statement elicited from a witness during cross examination. Petitioner contends that whether Daniels had improper contact with Sidney was central to Petitioner's assertion that Daniels had the opportunity to influence Sidney's testimony.

A petitioner's "due process rights are [not] violated *any time* a state court excludes evidence that the petitioner believes is the centerpiece of his defense." *Alley v. Bell*, 307 F.3d 380, 394 (6th Cir. 2002). Rather, a violation occurs when "a state court excludes important evidence on the basis of an arbitrary, mechanistic, or per se rule, or one that is disproportionate to the purposes it is designed to serve." *Id.* Petitioner has not made this showing, as the Michigan Court of Appeals reasonably concluded that the evidence was inadmissible under Michigan Rule of Evidence 608(b). Even if the Michigan Court of Appeals erred in concluding that the trial court properly excluded Petitioner's proffered evidence under Michigan law, such a showing is insufficient for Petitioner to show that he is entitled to relief. *Coburn v. Howes*, 100 F. App'x 328, 329 (6th Cir. 2004) (noting that "[a] habeas court will generally not question errors in the application of state law"). Instead, Petitioner must show that he was deprived of a fair trial. *Id.* Petitioner has failed to demonstrate a denial of fundamental fairness. Thus, the Michigan Court of Appeals' decision was neither

contrary to, nor an unreasonable application of, clearly established federal law as established by the Supreme Court.

### *Ineffective Assistance of Counsel*

The magistrate judge concluded that Petitioner's ineffective assistance of trial counsel claim was procedurally defaulted and that Petitioner failed to overcome his procedural default by demonstrating ineffective assistance of appellate counsel. Petitioner contends that the magistrate judge erred in applying procedural default because Respondent concedes that the trial court considered Petitioner's ineffective assistance of trial counsel claim on the merits, and the magistrate judge therefore should have conducted a merits analysis of this claim. Petitioner further argues that a merits analysis would show that counsel's failure to present a defense during his cross-examination of Sidney constituted deficient performance under *Strickland*.

Although Respondent refers to the trial court's "merits decision" in his response, (dkt. # 10 at Page ID#270), the magistrate judge nonetheless properly concluded that Petitioner's ineffective assistance of trial counsel claim is procedurally defaulted because the trial court's merits analysis was part of its consideration of Petitioner's claim of ineffective assistance of appellate counsel, which Petitioner raised as a means of overcoming the procedural default. However, even if considered on the merits, Petitioner's claim fails. In order to show ineffective assistance of counsel, a petitioner must demonstrate: (1) deficient performance—"that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) such performance resulted in prejudice, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial who result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)). Petitioner's claim fails on the prejudice prong alone. The evidence presented at trial established that Petitioner repeatedly beat

Jalyn, that Jalyn's body had substantial blunt-force trauma bruising and abrasions from Petitioner's beatings, and that Jalyn had iron burns on his bottom in addition to his feet. There was no evidence that the burns to Jalyn's feet, alone, compromised Jalyn's immune system, which led to his death. Accordingly, Petitioner cannot show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068. For the same reasons, the magistrate judge did not err in concluding that the state court's decision on Petitioner's ineffective assistance of appellate counsel claim was contrary to, or an unreasonable application of, *Strickland*.

### *Certificate of Appealability*

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Therefore, the Court has considered Petitioner's claims, including his objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued September 3, 2015 (dkt. # 37) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objections (dkt. # 38) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

A separate judgment will issue.

Dated: December 10, 2015                         /s/ Gordon J. Quist
                                                                                   GORDON J. QUIST
                                                                        UNITED STATES DISTRICT JUDGE